**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

KEVIN LEWIS

        *Plaintiff*,

    v.

CARMEN DIAZ-PETTI in her official capacity as Director of DCP&P/Assistant Commissioner of the New Jersey Department of Children and Families (DCF); CHRISTINE NORBUT BEYER in her official capacity as the Commissioner of DCF; RICHARD J. NOCELLA Presiding Judge, New Jersey Superior Court, Family Division, Burlington County, in his official capacity; EDWARD W. HOFFMAN Judge, New Jersey Superior Court, Family Division, Burlington County, in his official capacity; MARK P. TARANTINO Judge, New Jersey Superior Court, Family Division, Burlington County, in his official capacity; GERARD BRELAND Judge, New Jersey Superior Court, Family Division, Burlington County, in his official capacity; JAMES FERRELLI Judge, New Jersey Superior Court, Family Division, Burlington County, in his official capacity; HON. GLENN A. GRANT J.A.D, in his official capacity; DAVID TANG in his official capacity; LAURALIE LEWIS in her individual capacity

        *Defendants*.

No. 1:22-cv-03242 (NLH-MJS)

**OPINION & ORDER**

---

**APPEARANCES**:

Kenneth Rosellini, Esq.
636A Van Houten Avenue
Clifton, NJ 07013

    *Attorney for Plaintiff*

Jae K. Shim, Esq.
New Jersey Office of the Attorney General
Tort Litigation
25 Market St.
Trenton, NJ 08625

    *Attorney for Defendants Carmen Diaz-Petti*
    *and Christine Norbut Beyer*

**HILLMAN**, **District Judge**

    WHEREAS, this matter involves a dispute between Plaintiff and his ex-wife over the custody of their three children; and

    WHEREAS, this is the third federal lawsuit Plaintiff has filed in relation to the custody matter; and

    WHEREAS, in 2021, Plaintiff filed a second federal Complaint alleging additional facts pertaining to the original custody dispute and similarly alleging violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, as well as a claim for Malicious Abuse of Process against Defendant Lauralie Ingram Lewis; and

    WHEREAS, in assessing four motions to dismiss and one motion for judgment on the pleadings by the various defendants, this Court determined a two-year statute of limitations barred

all of Plaintiff's claims.  Lewis v. N.J. Dep't of Child. & Fams., the Div. of Child Prot. & Permanency, No. 1:21-cv-01671, 2022 U.S. Dist. LEXIS 150970 (Aug. 23, 2022); Lewis v. N.J. Dep't of Children & Families, No. 1:21-cv-01671, 2022 U.S. Dist. LEXIS 13991 (Jan. 26, 2022); and

WHEREAS, said matter is currently pending on appeal before the Third Circuit.  Lewis v. New Jersey Department of Children and Families, No. 22-2792 (3d Cir.); and

WHEREAS, as of this date, the appellate matter remains ongoing and no date has been set for argument; and

WHEREAS, now before the court is Plaintiff's third case, in which he again alleges facts pertaining to the original custody dispute and asserts violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, as well as a claim for Malicious Abuse of Process against Defendant Lauralie Ingram Lewis; and

WHEREAS, Plaintiff again names Moving Defendants Christine Norbut Beyer and Carmen Diaz-Petti and is suing both in their official capacities for perceived violations of his Constitutional rights (Compl. ¶¶ 2-3)[1]; and

---

[1] Defendant Beyer is the Commissioner of the New Jersey Department of Children and Families (DCF), and Defendant Petti is Director of the New Jersey Division of Child Protection & Permanency (DCP&P) and Assistant Commissioner of DCF.  (Compl. ¶¶ 2-3.)

WHEREAS, Defendants Beyer and Diaz-Petti have filed the instant Motion to Dismiss (ECF No. 10), in which they raise the following grounds in support of same: (1) res judicata; (2) statute of limitations; (3) failure to state a claim for injunctive relief; and, (4) failure to state a claim for declaratory relief (ECF No. 10-1 at 20, 22, 23, 26); and

WHEREAS, "[the] 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Richmond v. Ningbo Hangshun Elec. Co., Consolidated Civil Action No. 13-1944, 2015 U.S. Dist. LEXIS 125658, at *10 (D.N.J. Sept. 21, 2015) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254(1936)); and

WHEREAS, "[t]his Court may exercise the discretion to decide whether the imposition of a stay is appropriate by weighing these factors: (1) whether a stay will cause undue prejudice to a nonmovant; (2) the status of discovery; and (3) whether a stay will simplify the litigation and promote judicial economy." Id. (citing Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir. 1983)); and

WHEREAS, "as the Third Circuit has directed, '[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.'"

4

MasTec Renewables Constr. Co. v. Mercer Cty. Improvement Auth., Civil Action No. 15-1897, 2017 U.S. Dist. LEXIS 207891, at *11 (D.N.J. Dec. 19, 2017) (quoting Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976)); and

WHEREAS, a stay is appropriate where "the outcome of Plaintiff's [Third Circuit] appeal affects the determination of [pending motions], requiring forbearance on this Court's part to avoid inconsistent rulings in litigation that Plaintiff voluntarily chose to divide across jurisdictions." MasTec Renewables Constr. Co., 2017 U.S. Dist. LEXIS 207891, at *17; and

WHEREAS, while the present matter does not involve the exact same allegations as those currently under review by the Third Circuit, the statute of limitations defense in this matter is so interrelated to the earlier action, as is the defense of res judicata, that forbearance by this Court may avoid inconsistent rulings and piecemeal litigation; and

WHEREAS, this case is in its infancy stage, therefore: no discovery has been completed; Plaintiff will suffer no undue prejudice; and the stay pending appeal of the related matter may simplify this litigation, promote judicial economy, and avoid interfering with the orderly administration of the appeal pending in the second filed action;

5

THEREFORE, it is on this 17th day of May 2023,

**ORDERED** that Defendants Christine Norbut Beyer and Carmen Diaz-Petti's Motion to Dismiss (ECF No. 10) be, and the same hereby is, DENIED without prejudice; and it is further

**ORDERED** that this matter is STAYED and the Clerk shall administratively terminate the case pending the Third Circuit Court of Appeals' disposition of <u>Lewis v. New Jersey Department of Children and Families</u>, No. 22-2792; and it is further

**ORDERED** that Plaintiff shall file a notice with the court within thirty (30) days of the Third Circuit's disposition of <u>Lewis v. New Jersey Department of Children and Families</u>, No. 22-2792; and it is finally

**ORDERED** that the Clerk of Court shall reopen this matter upon receipt of Plaintiff's notice.

At Camden, New Jersey

/s/  Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.