**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

KEVIN LEWIS

    *Plaintiff*,

v.

CARMEN DIAZ-PETTI in her official capacity as Director of DCP&P/Assistant Commissioner of the New Jersey Department of Children and Families (DCF); CHRISTINE NORBUT BEYER in her official capacity as the Commissioner of DCF; and LAURALIE LEWIS in her individual capacity

    *Defendants*.

No. 1:22-cv-03242 (NLH-MJS)
**OPINION & ORDER**

---

**APPEARANCES**:

Kenneth Rosellini, Esq.
636A Van Houten Avenue
Clifton, NJ 07013

    *Attorney for Plaintiff*

Jae K. Shim, Esq.
New Jersey Office of the Attorney General
Tort Litigation
25 Market St.
Trenton, NJ 08625

    *Attorney for Defendants Carmen Diaz-Petti*
    *and Christine Norbut Beyer*

Richard M. Flynn, Esq.
Flynn & Associates
439 Monmouth Street
Gloucester City, NJ 08030
    *Attorney for Defendant Lauralie Lewis*

**HILLMAN**, District Judge

WHEREAS, this matter involves a dispute between Plaintiff and his ex-wife over the custody of their three children; and

WHEREAS, this is the third federal lawsuit Plaintiff has filed in relation to the custody matter; and

WHEREAS, in 2021, Plaintiff filed a second federal Complaint alleging additional facts pertaining to the original custody dispute and similarly alleging violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act against Defendants Carmen Diaz-Petti and Christine Norbut Beyer (DCP&P Defendants), as well as a State law claim for Malicious Abuse of Process against Defendant Lauralie Ingram Lewis; and

WHEREAS, in assessing four motions to dismiss and one motion for judgment on the pleadings by the various defendants, this Court determined a two-year statute of limitations barred all of Plaintiff's claims. Lewis v. N.J. Dep't of Child. & Fams., the Div. of Child Prot. & Permanency, No. 1:21-cv-01671, 2022 U.S. Dist. LEXIS 150970 (D. N.J. Aug. 23, 2022); Lewis v. N.J. Dep't of Children & Families, No. 1:21-cv-01671, 2022 U.S. Dist. LEXIS 13991 (D. N.J. Jan. 26, 2022); and

WHEREAS, on May 28, 2022, Plaintiff filed the above-captioned/third case in this court, in which he again alleges facts pertaining to the original custody dispute and asserts violations of 42 U.S.C. § 1983 against Defendants Diaz-Petti and

2

Beyer in their official capacities, as well as a State law claim for Malicious Abuse of Process against Defendant Lauralie Ingram (Compl. ¶¶ 2-3; 91-95; 102-04); and

WHEREAS, pursuant to 28 U.S.C. § 2202, Plaintiff also seeks declaratory and injunctive relief against DCP&P Defendants (Compl. Count I, Ad Damnum Cl. Count II), on the same bases as he did in his 2018 (18-cv-93976, Compl. ¶ 100(a), Ad Damnum Cl. Count III) and 2021 (21-cv-01671, Compl. Ad Damnum Cl. Counts I-III) federal actions—both of which were dismissed with prejudice;

WHEREAS, on September 8, 2022, DCP&P Defendants filed a Motion to Dismiss in this case, arguing in part that both the statute of limitations and res judicata precluded the instant lawsuit (ECF No. 10); and

WHEREAS, on September 22, 2022, Plaintiff appealed this Court's rulings in the 2021/second case to the Third Circuit Court of Appeals. <u>Lewis v. N.J. Dep't of Child. & Fams.</u>, No. 22-2792 (3d Cir.); and

WHEREAS, on May 17, 2023, this Court denied the DCP&P Defendants' Motion to Dismiss without prejudice and stayed the instant matter pending the Third Circuit's decision on Plaintiff's appeal in the 2021 case (ECF No. 40); and

WHEREAS, on July 24, 2023, the Third Circuit affirmed this Court's rulings in the 2021 case, holding the statute of

3

limitations precluded Plaintiff's Section 1983 claim and request for Declaratory Judgment because "all of the events giving rise to the father's claims appeared to have occurred by May 2018, when he filed the 2018 Federal Action with essentially the same allegations." Lewis v. N.J. Dep't of Child. & Fams., No. 22-2782, 2023 U.S. App. LEXIS 18725 at * 1, 5 (July 24, 2023);

   WHEREAS, the Third Circuit specifically determined:

> When Lewis brought this action in February 2021, it had been almost three years since the last events alleged in his complaint, and over four-and-a half years since his children were removed from his custody. Thus, no matter the precise date that Lewis's claims accrued, the District Court correctly decided that Lewis filed his complaint well after the two-year statute of limitations had expired.

Id. at *8.

   WHEREAS, the Third Circuit further concluded that this Court properly declined to exercise supplemental jurisdiction over Plaintiff's claim against Defendant Ingram. Id. at *13-14 (quoting 28 U.S.C. § 1367(c)(3) ("'district court[ ] may decline to exercise supplemental jurisdiction over' a claim when, as relevant here, it 'has dismissed all claims over which it has original jurisdiction.'"); and

   WHEREAS, while the present matter does not involve the exact same allegations as those reviewed by the Third Circuit, all of the allegations do in fact arise from events that

occurred by May 2018 and are therefore similarly precluded by the statute of limitations; and

WHEREAS, to the extent Plaintiff argues equitable tolling should apply due to "newly discovered evidence" in the form of an expert opinion utilized in the State Court proceedings[1] (ECF No. 47 at 2), the same does not satisfy tolling requirements when it could have been discovered by Plaintiff much earlier through reasonable diligence, i.e., when the alleged "alienation" began in 2016 or to rebut the reports of other experts that were retained by DCP&P Defendants and presented during a fact finding hearing in 2017; see Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013)(holding that a party must show "reasonable diligence" in pursuing their claims in order to be entitled to equitable tolling).

THEREFORE, it is on this 14th day of December 2023,

**ORDERED** that the Administrative Stay be LIFTED; and it is further

**ORDERED** that DCP&P Defendants' Reinstated Motion to Dismiss (ECF No. 44) be, and the same hereby is, GRANTED with prejudice;

---

[1] When arguing for equitable tolling in his prior federal action, Plaintiff claimed his injuries accrued in September 2019, when his custody matter concluded in State Court. This Court rejected his timing argument at that time and does so again now. Lewis v. N.J. Dep't of Children & Families, No. 21-cv-01671, 2022 U.S. Dist. LEXIS 13991, at *12 (D.N.J. Jan. 26, 2022), aff'd Lewis v. N.J. Dep't of Child. & Fams., No. 22-2782, 2023 U.S. App. LEXIS 18725 (July 24, 2023).

5

and it is further

**ORDERED** that this Court DECLINES to exercise supplemental jurisdiction over Plaintiff's claims against Defendant Ingram; and it is finally

**ORDERED** the Clerk shall mark this matter CLOSED.

At Camden, New Jersey

/s/   Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.